UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN JAMES,

          Plaintiff,

vs.                            Case No. 2:05-cv-515-FtM-29DNF

ASHLEY ADAMS ANTIQUES, INC., a
Florida Corporation, PETE PINEIRO,
JUAN PINEIRO,

          Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #17) filed on December 7, 2005. Plaintiff filed his Response (Doc. #19) on December 22, 2005.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

A fraud claim must also satisfy the more specific pleading requirements of Fed. R. Civ. P. 9(b). Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) does not abrogate the concept of notice pleading, but is satisfied by a complaint which sets forth (1) precisely what statements or omissions were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted). "Failure to satisfy Rule 9(b) is a ground for

dismissal of a complaint." Corsello v. Lincare, Inc., 28 F.3d 1008, 1012 (11th Cir. 2005).

## II.

The six state law claims in the First Amended Complaint (Doc. #6) arise from plaintiff's purchase of multiple pieces of interior design items from defendants. Plaintiff, Alan James ("James"), an English national, is described as an average consumer without specialized knowledge of fine art, antiques and international collectibles. Ashley Adams Antiques, Inc. ("Adams Antiques") is a Florida corporation engaged in the business of selling fine art, antiques and collectibles from around the world, and operates a gallery in Naples, Florida. Pete Pineiro ("Pete") is an employee of Adams providing written appraisals of art. Juan Pineiro ("Juan") is the president of Adams[1].

On December 23, 2004, in reliance on visits and discussions with the Pineiros, James purchased four items for a total purchase price of $37,000.00. Subsequently, Pete sent him photographs of other pieces for sale. On January 20, 2005, James purchased sixteen more items for a total purchase price of $222,500.00. The sixteen items purchased on January 20, 2005 were accompanied with Adams' appraisals certifying all but one item in both purchase orders as "original art deco works made by the original artists." (Doc. #6, p. 5). James now asserts that (1) the items received

---

[1] The Court shall refer to Juan and Pete Pineiro collectively as "the Pineiros."

from the January 20, 2005 purchase did not match the items depicted in the photographs; (2) an art appraiser confirmed that the pieces are fraudulent replicas of recent vintage that bear forgeries of signatures of the original artists and forgeries of original factory markings; (3) the replicas are worth only a fraction of what James paid for them; and (4) Adams Antiques has refused his demands that it refund his money.

The First Amended Complaint sets forth claims for (1) fraud in the inducement; (2) fraudulent concealment; (3) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (4) violation of Florida Statute §817.41 prohibiting misleading advertising; (5) violation of Florida Statute §817.44 prohibiting false advertising; and (6) violation of Florida Statute §672.313 regarding breach of warranty.  Defendants seek dismissal of all counts.

### III.

Defendants Adams and the Pineiros (collectively "defendants" or "the defendants") argue that dismissal of the First Amended Complaint is warranted because Count I (fraud in the inducement) and Count II (fraudulent concealment) are barred by the Florida economic loss rule. (Doc. #18, pp. 5-7). Additionally, defendants argue that plaintiff failed to allege a fiduciary relationship, which is an essential element of a fraudulent concealment claim. (Doc. #18, pp. 7-8).

## A.

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of North Am. v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). In the context of contractual privity, the economic loss rule "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." American Aviation, 892 So. 2d at 536. One recognized exception to the economic loss rule, however, permits a tort action where the tort was committed independently of the contract breach. American Aviation, 892 So. 2d at 537, 543. This includes fraud in the inducement claims, which are not barred by the economic loss rule. Id. at 537; HTP Ltd. v. Lineas Aereas Costarricenses, SA, 685 So. 2d 1238 (Fla. 1996).

"The test to determine if the economic loss rule applies is to ask if the fraud alleged is in an act of performance or in a term of the bargain." D&M Jupiter, Inc. v. Friedopfer, 853 So. 2d 485, 487 (Fla. 4th DCA 2003)(quoting Moransais v. Heathman, 744 So. 2d 973, 983 (Fla. 1999)). "[W]hen the fraud 'relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies.'" Id. However, "when the 'fraud occurs in the connection with misrepresentations, statements or omissions which cause the complaining party to enter

into a transaction, then such fraud is fraud in the inducement and survives as an independent tort." Id. at 487-88.

The Court finds that the Florida economic loss rule does not bar plaintiff's fraudulent inducement or concealment claims. Both counts incorporate the general allegations in which James recounts conversations with the Pineiros and information the Pineiros gave him regarding items for sale prior to the two purchase orders. Count I alleges that defendants made false material misrepresentations prior to and contemporaneously with James' purchase orders. (Doc. #6, ¶¶ 32-34, 36). Count II alleges that defendants deliberately concealed material information prior to and contemporaneously with James' purchase orders. (Doc. #6, ¶¶ 38-42). The fraud alleged in Counts I and II are sufficiently independent of any breach of contract to come within the exception to the economic loss rule.

**B.**

Defendants argue that plaintiff's claim for fraudulent concealment must be dismissed for failure to allege the essential element of a fiduciary relationship. Defendants maintain that the facts of this case fall well within the general rule providing that in an arm's length transaction not involving a fiduciary relationship there is no duty to disclose material facts. Plaintiff acknowledges this general rule, but responds that this case falls within the exception that requires a party who has disclosed some facts not to conceal other material facts.

Plaintiff is correct that "where a party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed." Gutter v. Wunker, 631 So.2d 1117, 1118 (Fla. 4th DCA 1994). See also Nicholson v. Kellin, 481 So.2d 931, 936 (Fla. 5th DCA 1985). The First Amended Complaint alleges that defendants disclosed certain information, including (1) Juan's opinion as to the age of some of the items; (2) the Pineiros' explanation that the reason the items look pristine is because they take them apart and clean them upon arrival at the store; (3) the Pineiros' statement that the purchased items were original works of art; and (4) Pete's sending plaintiff over one hundred photographs of original art proclaiming they were the items for sale. The Court finds that under the allegations in the First Amended Complaint, the lack of a fiduciary duty does not foreclose plaintiff's fraudulent concealment claim.

**IV.**

Defendants argue that the violation of FDUTPA alleged in Count III is legally insufficient to state a claim because the count fails to allege that plaintiff had not previously been engaged in the business involved in the transaction. (Doc. #18, pp. 8-9). The Court disagrees.

To state a FDUPTA claim, the plaintiff must plead that the conduct complained of was unfair and deceptive, and that plaintiff was aggrieved by the unfair and deceptive act. Macias v. HBC of Fla., Inc., 694 So. 2d 88, 90 (Fla. 3d DCA 1997). The FDUPTA

"protects consumers from those 'who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.'" Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 (Fla. 4th DCA 2002)(quoting Fla. Stat. § 501.202(2)). The Court finds that plaintiff has adequately plead a claim under FDUPTA by pleading that he was is an average consumer who did not possess defendants' specialized abilities in the field of art deco works of art. (Doc. #6, ¶ 8). Unlike Monsanto Co. V. Campuzano, 206 F. Supp.2d 1253 (S.D. Fla. 2002), the current posture of this case is a motion to dismiss, not a motion for summary judgment. The Court finds that Count III sufficiently alleges a FDUPTA claim.

**V.**

Defendants next argue that Counts IV and V should be dismissed for failing to state claims under Florida Statute § 817.41 prohibiting misleading advertising and Florida Statute § 817.44[2] prohibiting false advertising. Defendants argue that Count IV fails to allege that the misleading advertizing was the proximate cause of plaintiff's injury or damage or that there was reliance sufficient to establish a causal connection. (Doc. #18, pp. 9-10).

Florida Statute § 817.41 provides:

> (1) It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before

---

[2]The Court notes that while plaintiff's false and misleading advertising claims are under Fla. Stat. §§ 817.41 and 817.44, defendants' motion addresses Fla. Stat. §§ 817.40 and 817.41.

> the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses.

As Joseph v. Liberty Nat'l Bank, 873 So.2d 384, 388 (Fla. 5th DCA, 2004) (internal citations omitted) stated:

> Although the statute does not say it, the case law that has developed since the adoption of section 817.41(1) requires one seeking to maintain a civil action for violation of the statute to prove each of the elements of common law fraud in the inducement, including reliance and detriment, in order to recover damages. . .In Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489 (Fla. 4th DCA 2001), the court held that in order to state a cause of action for fraud in the inducement a plaintiff must allege that (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation.

In Count IV, plaintiff alleges that the defendants knew or could have known that its advertising was false and deceitful and that the advertising violated Fla. Stat. §817.41 by

> "disseminating misleading and/or untrue advertising to James by the following actions: a. Stating to James that the items they were selling were authentic art deco works of art; b. Representing that the items being purchased by James were manufactured or created during periods of time that the authentic works or art were made; c. Sending photographs of various items to James that did not depict the items that [defendants] intended to sell [to] James; d. Sending photographs of original works of art to James knowing that the pieces Adams had available for sale were not in fact original artwork."

(Doc. #6, ¶50). The Court finds that plaintiff has made allegations sufficient to state a claim for false advertising under Fla. Stat. § 817.41.

Count V alleges that the defendants enacted a plan or scheme in which they never intended to sell him the items depicted in the photographs, and that such plan or scheme violates of the prohibition on false advertising promulgated by Fla. Stat. § 817.44. The subject statute provides:

> (1)It is unlawful to offer for sale or to issue invitations for offers for the sale of any property, real or personal, tangible or intangible, or any services, professional or otherwise, by placing or causing to be placed before the general public, by any means whatever, an advertisement describing such property or services as part of a plan or scheme with the intent not to sell such property or services so advertised, or with the intent not to sell such property or services at the price at which it was represented in the advertisement to be available for purchase by any member of the general public
> (2) The failure to sell any article or a class of articles advertised, or the refusal to sell at the price at which it was advertised to be available for purchase, shall create a rebuttable presumption of an intent to violate this section.

Fla. Stat. § 817.44(1)-(2). "Section 817.44 prohibits an advertisement offering to sell property when the proposed seller has no intention of either actually selling the advertised property or of selling the property for the price advertised." Samuels v. King Motor Co. Of Fort Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001). The Court finds plaintiff has adequately plead a claim for false advertising under Fla. Stat. § 817.44.

**VI.**

In Count VI of the First Amended Complaint, plaintiff alleges that a contract to purchase goods existed between the parties, that Adams expressly warranted that the goods purchased were authentic art deco works of art, that they were, in reality, fraudulent copies, and that this breach of express warranty violates Fla. Stat. § 672.313. Defendants argue that Count VI should be dismissed because plaintiff fails to allege reliance; improperly relied upon Juan's opinion; and makes only conclusory allegations and thus fails to allege sufficient facts.

According to the subject statute:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that the seller have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Fla. Stat. § 672.313. "The proper method of pleading a cause of action for breach of warranties under the Florida U.C.C. is

described in Dunham-Bush, Inc. v. Thermo-Air Serv., Inc., 351 So.2d 351 (Fla. 4th DCA 1977)." Januse v. U-Haul Co., Inc., 399 So.2d 402, 404 FN1 (Fla. 3rd DCA, 1981). According to Dunham-Bush, Inc. v. Thermo-Air Serv., Inc. at 353, "[i]n order to properly plead a cause of action for breach of warranties under the Florida Uniform Commercial Code a complaint should contain at least the following allegations: (1) Facts in respect to the sale of the goods; (2) Identification of the types of warranties created, *i.e.* express warranty Section 672.313 . . .; (3) Facts in respect to the creation of the particular warranty. . .; (4) Facts in respect to the breach of the warranty; (5) Notice to seller of breach. Section 672.607(3)(a), Florida Statutes (1975); (6) The injuries sustained by the buyer as a result of the breach of warranty."

After review of Count VI of the First Amended Complaint, the Court finds that James has alleged the sale of goods under express warranty; facts as to how the warranty was established and how the warranty was breached; that he notified the seller of the breach; and the injuries he sustained as a result of the alleged breach. This is sufficient to state a claim.

Defendant is correct that plaintiff states he relied upon Juan's opinion. However, despite language in the statute that "merely the seller's opinion or commendation of the goods does not create a warranty," defendants argument that James' claim must fail because of this reliance is without merit. Juan's opinion is only one of the facts alleged in support of plaintiff's assertion that

defendants expressly warrantied the subject goods.  "A seller's statement will be construed as a 'mere opinion or commendation' creating no express warranty where, among other things, the buyer and seller have equal knowledge of the facts and hence are in an equal position to express an opinion regarding the product." Thursby v. Reynolds Metals Co., 466 So. 2d 245, 250 (Fla. 1st DCA, 1984).  James has alleged that he "is an average consumer and does not possess [defendants'] specialized knowledge, training, skill and experience in the area of art deco works of art."  (Doc. #6, p.2, ¶8).  At this stage of the proceedings, James' allegations are to be taken as true and are consequently sufficient to survive a motion to dismiss regarding this Count.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record